The Defendant was presented by the Grand Jury of the Superior Court of Southampton, in April, 1814, for running a fence across the public road in said county, leading through his plantation, and continuing the said obstruction from the 1st January to 1st April. After sundry proceedings, an Information was regularly filed against him, for , Obstructing the said road, at the September Term, 1815. There was a verdict given against him, 'for a fine of forty-five pounds, and judgment for the same.' At the trial, the Defendant moved the Court to instruct the jury, “ that to prove the road in question to be a public road, it was necessary to produce a record to establish that fact, and that no other evidence was legal to prove that fact, but it having been proved on the part of the Commonwealth, that the public had used it as a public road, for upwards of twenty years, without interruption, before the commencement of this prosecution, the Court refused to give the said instruction to the jury, but instructed them that such uninterrupted use and occupation of the said road as a public road for upwards of twenty years, as aforesaid, had taken the right of entry from any individual claiming the land over which it passed, and that it was in Law a public road, as to the present prosecution ; and the Defendant also moved the Court to instruct the jury that the time of the actual exhibition of the Information in this Case, and not the time when the presentment was made, or process issued thereupon, should be the time to which the jury should calculate the period that had elapsed from the commission of the offence charged in the Information, in ascertaining whether the Act limiting the period for the commencement of this prosecution applied; which instruction the Court refused to give.”
The Defendant, at the June Term, 1817, *175 applied to this Court for a Writ of Error, alleging- that the Superior Court erred in instructing the jury, “that an uninterrupted use and occupation of the road, as a public road for upwards of twenty years, had taken away the right of entry from any individual claiming the land over which it passed; that supposing the road to be a public one, the freehold still remained in the owners of the soil, subject to the public right of highway; that such right of way could be evidenced by matter of record, to wit : by regular proceeding under the several Acts of Assembly concerning public roads, or by prescription ; and, that in no view the legal limitation of the right of entry is applicable to the Case.”
Eeigh, for the Plaintiff in error, referred to the ancient Acts of Assembly ; 1 Hening’s St. at Earge, 199, Anno. 1632; lb. 436, An. 1657 ; 2 Hen. Stat. 103, An. 1661 ; 3 Hen. Stat. 392; Mercer’s Ab. “Highways,” 162. He «admitted that public roads might be established by prescription, and that it runs not to the time of Richard 1st. but to a time, the memory whereof runs not to the contrary ; but, he contended that either a record, or prescription is necessary.
He objected to the instruction that the right -of entry was taken away : this was not like an ejectment, but a dispute about the right way, and the freehold was certainly in the owners of the co-terminous lands. See Bacon’s Ab. title “ Highways,” letter B.
Nicholas, for the Commonwealth, said, that although for a long series of years public roads might be established by record, there was a time when they might be established without a record, and that since the Haws pointing out the manner of establishing them, the County Records had been in many places burnt, and that the existence of records might be presumed. Cowp. 102; Archer v. Sadler, 3 H. & M. 307 ; in which last Case, a patent had been presumed. In this Case, he said, the instruction should be taken according to the subject matter. The meaning here is, not that his right of entry to the freehold is taken away, but a right of entry for the purpose of stopping the way, or of obstruction, by putting up a fence.
The following is the judgment rendered by the Court:
“ The Court is unanimously of opinion, that there is error in the proceedings in this case, in this: that the Court instructed the jury that uninterrupted use and occupation of a road as a public road for upwards of twenty years, was conclusive evidence of its being a public road as to this prosecution ;” therefore, the judgment is reversed, and a new trial awarded, “ with instructions to admit the said evidence of twenty years use and occupation, as presumptive, but not conclusive evidence of the road’s being a public one.”
Note (in edition of 1853). — See Buller’s N. P. 74, Keymer v. Summers, 1 Saunders by Williams, 323, a, note 6; 2 Saunder’s to’ Williams, 175-175, a, b, c, d, note 2; Peake’s by. part 2, ch. 6, § 3; Philipps’s Ev. 120.